# EXHIBIT A

| | |
|---|---|
| **From:** | Martin Trainor |
| **To:** | Musil, Stephany [C] |
| **Cc:** | Alexander Whang; Victor Chahin |
| **Subject:** | [EXTERNAL] Potential Issue in Amazon Schedule A Cases |
| **Date:** | Wednesday, August 5, 2026 1:00:45 AM |
| **Importance:** | High |

**CAUTION**: This email originated from outside of the organization. Do not click links or open attachments unless you can confirm the sender and know the content is safe.

Hi Stephany,

I'm emailing to make you aware of some unusual, if not concerning, findings after reviewing the dockets in Schedule A cases filed by NextClimb Investments LLC. Judge Kennelly had some interesting commentary on the docket in two of them, which led me to look into the potential issue further. Out of an abundance of caution to the extent this has not been flagged, I figured I'd reach out to you given the potential impact this could have on our cases.

The first is *NextClimb Investments LLC v. The Partnerships*, 26-cv-04669 (N.D. Ill.). On June 18, NextClimb moved for an order directing Amazon to release funds on the basis of settlements with 81 defendants. Judge Kennelly denied it the next day because none of those settling defendants had appeared in the case and he wanted verified confirmation the settlements existed. Four days later, Bole Yuan filed an appearance on behalf of all 81 of them and, on the same day, a status report and verification of settlement on their behalf. On July 1, Judge Kennelly entered the release order (Dkt. 42).

One of the 81, with Seller ID AP9RGVUJJZ3FA, is also a defendant in one of our cases, NDIN 26-cv-00124. While I acknowledge this is not unusual by itself, since these sellers get sued by more than one brand all the time, the purported settlement reached between the seller and NextClimb was $4,151.45. That figure is equivalent to our entire restraint on the same account, **to the cent**, and the order instructs Amazon to move all of it out of the account. As you can see in the attached order, the purported settlement amounts are largely uneven figures carried out to the cent. As you know from working on these cases, that rarely happens (let alone dozens of times in the same case).

Judge Kennelly saw the same arrangement a few days later in *NextClimb v. The Partnerships*, 26-cv-05593, where he again required documentary support and noted that a single lawyer appearing for 100 separate defendants all at once raised as many questions in his mind as it answered. Notably, the case involved the same plaintiff, same plaintiff's counsel, Shaoyi Che of YoungZeal LLP, and the same defense counsel, Bole Yuan.

That sent me through the rest of Che's NextClimb filings, where another of our restrained accounts turned up. A35J85CE7H3D25 is a defendant in our NDIN 26-cv-00034 case, where our records show $2,671.43 restrained. The same Seller ID appears in the consent judgment in *NextClimb v. The Partnerships*, 26-cv-06018 (Dkt. 22), with a damages amount of $2,800. Notably, Judge Durkin did not ask the parties to provide proof of the settlement figures in this case as Judge Kennelly did in the

aforementioned cases. All of the purported settlement figures in the '6018 order are round figures. And, like the Judge Kennelly cases, Bole Yuan represented all of the defendants subject to the consent judgment.

Stepping back, the same pattern runs through at least four cases. As far as we can tell, across the four, Amazon was ordered to transfer $4,667,593.57 from 435 seller accounts to plaintiff's counsel. In each case, the defendants Yuan represented when each order or judgment was entered are exactly the defendants whose accounts were tapped. In 26-cv-06020 he appeared for all 158, then moved the same day to withdraw as to 73 of them on the ground that his appearance had been incorrect and he did not have their contact information; judgment was entered against the remaining 85.

Several other notes, based on my limited review of the dockets earlier today:

- All of these cases are against Amazon sellers only.
- In 26-cv-06020, the defendants who settled were added after the case was filed. NextClimb filed against 59 sellers with ordinary storefront names. Six days later an amended complaint was filed that added 100 more, 85 of them with internal codes as store names (ApexLink867 through ApexLink2837).
- It looks like some sellers are being included in multiple pending cases, with multiple orders/judgments entered against them:

| Seller ID | First order | Store name | Date | Amount | Second order | Store name | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| A3AHT0Y1ZQ0TON | 26-cv-05593 | ApexLink508 | 7/2/26 | $1,741.62 | 26-cv-06020 | ApexLink508 | 7/6/26 | $1,800.00 |
| A2GN1T17O8IGMX | 26-cv-05593 | ApexLink264 | 7/2/26 | $9,180.26 | 26-cv-06020 | ApexLink264 | 7/6/26 | $9,300.00 |
| A29VW6Z6S9TRWK | 26-cv-05593 | ApexLink736 | 7/2/26 | $10,188.70 | 26-cv-06020 | ApexLink736 | 7/6/26 | $10,200.00 |
| A3VDG3CXOYWWVS | 26-cv-05593 | ApexLink091 | 7/2/26 | $3,338.78 | 26-cv-06020 | ApexLink091 | 7/6/26 | $3,400.00 |

We have not finished looking into this but, for the time being, are you able to tell me what the account balances are for accounts AP9RGVUJJZ3FA, A34OZZPXORL3ZH (also a defendant in 26-cv-00124, where we restrained $960.34) and A35J85CE7H3D25? So far, those are the only three Seller IDs we have found in the NextClimb cases that match defendants in our pending cases.

Please let me know if a call would be helpful and I'll make myself available.

Thanks,

Martin

Martin F. Trainor
Attorney at Law
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, IL 60606

CONFIDENTIALITY NOTE This electronic mail may contain information that is confidential or privileged and exempt from disclosure under applicable law. The information is intended to be for the use of the recipients named in this mail. If you are not an intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is without authorization and is prohibited. If you receive this electronic mail in error, please notify us by returning electronic mail and destroying this mail immediately. Also please note all communications are protected by the attorney-client privilege. Thank you for your cooperation.