**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NEXTCLIMB INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 1:26-cv-5593<br><br>Honorable Judge Matthew F. Kennelly |

**NON-PARTY AMAZON.COM, INC.'S SUPPLEMENT TO ITS MOTION TO STAY ENFORCEMENT OF ORDER DIRECTING RELEASE OF FUNDS AND FOR FURTHER RELIEF**

Pursuant to the Court's October 16, 2026 order granting leave (Dkt. 61), non-party Amazon.com, Inc. ("Amazon") submits this supplement ("Supplement") to its Motion to Stay Enforcement of Order Directing Release of Funds and for Further Relief (Dkt. 59-1) ("Motion"), which seeks a stay of the Court's July 2, 2026 order directing Amazon to release restrained funds from Defendants' seller accounts to Plaintiff's counsel (Dkt. 37) ("Transfer Order").

## I. INTRODUCTION

Since filing the Motion, Amazon has obtained publicly available Chinese-language social-media posts and videos that shed light on a potential explanation for the circumstances identified in the Motion. In them, a China-based service provider operating under the name "Amazon Xiao Niu Appeal" ("Xiao Niu") describes a business that uses U.S. litigation, cooperation with seller-defendants, and court-ordered transfers to obtain the release of Amazon seller funds that could not otherwise be recovered. Xiao Niu identifies the Northern District of Illinois as the jurisdiction in

which the business operated, describes the seller-defendants as his "clients," and states that Amazon had recently recognized that those defendants "colluded" with him.

Amazon does not contend that the materials necessarily establish a connection between Xiao Niu and Plaintiff, Defendants, or their counsel in this action, and it does not ask the Court to make findings of misconduct based on them. Amazon submits them to give the Court a more comprehensive understanding of the concerns raised in the Motion and to identify questions that the parties and counsel who obtained the Transfer Order are best positioned to answer.

## II. THE SUPPLEMENTAL MATERIALS

The principal exhibit to this Supplement is an approximately eleven-minute video ("Video") in which a speaker who presents himself as Xiao Niu's operator describes what he calls the "forced-payout business" (Exhibit A).[1] The remaining exhibits include two posts associated with Xiao Niu (Exhibits B and C), an August 24, 2026 post and associated screenshots depicting account records and payment communications (Exhibit D), and a hearing transcript from another Schedule A action in this District (Exhibit E). At Amazon's request, a third-party vendor, TransPerfect, prepared a certified Chinese-language transcription of the Video and certified English translations of the Chinese-language materials in Exhibits A–D. (*See* Exs. A–D, F.)

## III. XIAO NIU DESCRIBES USING U.S. LITIGATION TO OBTAIN COURT-ORDERED RELEASES OF AMAZON SELLER FUNDS.

In the Video, Xiao Niu states that he began researching the business in February 2026, filed his first case on April 15, and received his first payout in June, and that the business operated successfully for less than two months before problems arose. (Ex. A at 1.) He describes how the process worked:

[1] The original Video is being submitted to the Court through the Court's Digital Exhibit Public Records Submission portal and has been served electronically on counsel of record.

> The term 'forced payout' sounds intimidating, but in reality, it involves filing a lawsuit . . . using litigation as a means of taking legal action.
>
> After winning the lawsuit, we ask the judge to sign our fund transfer agreement. Once the judge signs it, it gains legal effect and becomes effective. Then we can send this transfer document—which we can no longer call a transfer agreement, but rather a transfer order, a fund transfer order—to Amazon's legal department.

(*Id.*) He identifies this District as the forum:

> We operate in Illinois, specifically the Northern District of Illinois, so they go to the court in Illinois to verify whether the transfer order is authentic. After Amazon's legal team completes the verification, it transfers the funds.

(*Id.*)

Xiao Niu also describes his relationship with the nominal defendants. Explaining why Amazon had begun challenging the resulting orders, he states:

> Amazon knows that the defendants in these cases—our forced-payout clients—have colluded with us, so it is refusing to comply with the orders.

(Ex. A at 2.) He explains that sellers came to him because they could not recover their funds through Amazon's ordinary processes:

> Either their appeals to recover the funds had failed, or the legal representative of the company simply couldn't cooperate with the process. In short, these were funds they couldn't get back through normal channels, which is why they came to us.

(Ex. A at 2.) Xiao Niu also refers to lawyers involved in the business and describes advancing litigation expenses to pursue the cases. (*Id.* at 2-3.)

Finally, Xiao Niu describes Amazon's challenges to the transfer orders:

> Amazon's current position is very simple: it believes the order was issued by the judge based on a false premise, which misled the judge into issuing the order incorrectly.

(Ex. A at 2.) He states that he has seventeen outstanding transfer orders, arising from both bulk and individual cases, for which Amazon has not released funds, and that he is testing a new approach involving individual cases with relatively large account balances. (*Id.* at 2-3.)

## IV. ADDITIONAL MATERIALS ARE CONSISTENT WITH XIAO NIU'S DESCRIPTION.

A September 28, 2026 WeChat post associated with Xiao Niu describes obtaining funds through U.S. litigation and judge-signed disbursement orders, and states that the approach stopped working once Amazon began challenging those orders. (Ex. B.) A September 24, 2026 post solicits agents for the business, advertises regular case filings, and states that Xiao Niu traveled to the United States in February to establish the necessary business relationships. (Ex. C.) An August 24, 2026 post by the Xiao Niu account titled "Amazon US TRO lawsuit payout," and associated screenshots, depict Seller Central transactions labeled "Legal or compliance correction," communications about payment calculations, and apparent transfers through Chinese banks and payment platforms, including payment records that reference "NIU Forced Reopening." (Ex. D.) Amazon has not, to date, linked these transactions to particular court orders and offers them only as context for Xiao Niu's description of the business.

## V. THE MATERIALS WARRANT RESPONSES FROM PLAINTIFF AND DEFENDANTS' COUNSEL.

Although Amazon has not established that Xiao Niu was involved in this action, several aspects of the business he describes correspond to the concerns identified in the Motion:

*Funds frozen before suit.* Xiao Niu describes his clients' funds as funds they "couldn't get back through normal channels." Here, many, if not all, of the Defendants' accounts were subject to Amazon enforcement holds before this action was filed. (Dkt. 59-1 at 4.)

*Settlements equal to restrained balances.* If the purpose of a purported settlement is to obtain the release of a seller's previously frozen funds, the amount of the settlement would naturally be tied to the amount available for release, rather than to the merits of the underlying

trademark claim. In a related NextClimb case, reported settlement amounts matched Amazon's restraint balances to the cent. (*Id.* at 5.)

*Defendants unconnected to the asserted mark.* A business built around sellers with frozen funds would have no reason to limit itself to sellers of the plaintiff's product. Certain Defendants here sold Christmas ornament kits and boots, not HVAC vent covers. (*Id.* at 5–6.)

*Coordinated representation.* Xiao Niu describes the defendants as his "clients" and says Amazon has concluded that they "colluded" with him. Here, a single attorney appeared for all 100 Defendants, a circumstance the Court observed "actually raises as many questions in the Court's mind as it answers." (Dkt. 33.)[2]

*Timing and forum.* Xiao Niu says his business operated in this District, with a first filing on April 15, 2026 and a first payout in June. This action was filed on May 14, 2026, and the Transfer Order was entered on July 2, 2026. (Dkt. 59-1 at 3.)

Given these parallels, the Court would benefit from complete information from those who sought the Transfer Order. Plaintiff's counsel, Shaoyi Che of YoungZeal LLP, and Defendants' counsel, Bole Yuan, are best positioned to provide it. Building on the Motion's request that NextClimb substantiate the settlements (Dkt. 59-1 at 11), Amazon respectfully requests that counsel be directed to address the following and provide supporting documentation where appropriate:

---

[2] In another Schedule A action pending before Judge Wood, plaintiff's counsel described a China-based cross-border e-commerce service provider as her "client" and explained that the provider had contacted her in April 2026 and engaged her firm in multiple matters. According to counsel, the provider "identified the defendants and provided the infringement evidence pertaining to each defendant," handled settlement discussions directly with defendants, and reported the resulting settlement terms to counsel. Counsel described her firm's role as "primarily handl[ing] the litigation, the Court papers, based on information and settlement terms provided by the client." *Haibo Wang v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 1:26-cv-5714 (N.D. Ill.), Oct. 13, 2026 Hr'g Tr. 12:23–14:9, attached hereto as Exhibit E.

(1) How Defendants came to be represented by Mr. Yuan, and who referred, retained, or is paying him.

(2) Whether any third-party service provider was involved in recruiting defendants, negotiating settlements, funding the litigation, or directing the disposition of funds.

(3) How the settlement amounts and the amounts to be transferred were determined, including whether they were set by reference to the balances restrained in Defendants' accounts.

(4) Whether the parties knew, when the settlements were negotiated and the Transfer Order was sought, that Defendants' accounts were subject to Amazon enforcement holds predating this action.

(5) The intended disposition of the funds after transfer to Plaintiff's counsel, including whether any portion will be paid to any defendant, third-party service provider, or other person or entity not identified in the settlement agreements.

Because responses to the Motion are due October 20, 2026, shortly after this filing, Amazon requests that counsel be permitted to address these matters in those responses or in supplemental responses before the October 28, 2026 hearing, as the Court directs.[3]

## VI. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court (1) consider this Supplement; and (2) direct Plaintiff and Defendants' counsel to address these materials and the

[3] Since Amazon filed the Motion, other Schedule A actions in which Amazon has filed motions to stay enforcement have seen notable developments. These include: (a) motions by defense counsel to withdraw from representing settling defendants, *see, e.g.*, *Xuchang Changmei Trading Co., Ltd. v. usbinbin*, No. 1:26-cv-06033 (N.D. Ill.) (Dkt. No. 47) and *Pingxiang Suxiu Trading Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-08384 (N.D. Ill.) (Dkt. No. 21); (b) filings asserting that settlements have been satisfied notwithstanding the nonpayment of funds contemplated by the transfer orders, *see, e.g.*, *Chen v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-05339 (N.D. Ill.) (Dkt. 37) and *Shenzhen Zhipai Network Technology Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-07833 (N.D. Ill.) (Dkt. No. 32); and (c) voluntary dismissals of defendants whose funds were subject to transfer orders that remain unfulfilled, *see, e.g.*, *Cong v. The Partnerships and Unincorporated Associations Identified on Schedule A*,, No. 1:26-cv-07445 (N.D. Ill.) (Dkt. Nos. 26-27).

questions identified in Section V in their responses to the Motion or in supplemental responses filed by such date before the October 28, 2026 hearing, on such schedule as the Court directs.

Dated: October 19, 2026

Respectfully submitted,

By: /s/ *Thomas Holt*

**KILPATRICK TOWNSEND & STOCKTON LLP**
Thomas L. Holt
Jeremy L. Buxbaum
Matthew R. Barrett
320 S. Canal Street, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 606-3200
Email: tholt@ktslaw.com
Email: jbuxbaum@ktslaw.com
Email: mbarrett@ktslaw.com

*Attorneys for Non-Party Amazon.com, Inc.*

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Video recording posted by the "Amazon Xiao Niu Appeal" account (file VID_20261007_095815_1; approximately 10 minutes, 52 seconds), with certified Chinese-language transcription and certified English translation prepared by TransPerfect. Original video submitted separately in electronic format. |
| B | September 28, 2026 WeChat post associated with Xiao Niu describing the litigation-based payout method and Amazon's challenges to transfer orders, with original Chinese-language post and certified English translation. |
| C | September 24, 2026 post by Xiao Niu soliciting agents for the business, with original Chinese-language post and certified English translation. |
| D | August 24, 2026 post by the Xiao Niu account ("Amazon NIU Appeal") titled "Amazon US TRO lawsuit payout," and associated screenshots depicting Seller Central disbursements labeled "Legal or compliance correction," related payout calculations, and payment receipts, including a bank transfer bearing the memo "NIU Forced Reopening," with originals and certified English translations. |
| E | Transcript of October 13, 2026 hearing in *Haibo Wang v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 1:26-cv-5714 (N.D. Ill.). |
| F | TransPerfect certifications: (1) Certification of Yuk Chong Lai concerning the Chinese-language transcription of the video submitted as Exhibit A; and (2) Certification of Kelly Lee, dated October 16, 2026, concerning the English translations of the materials submitted as Exhibits A–D. |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I electronically filed the foregoing document, together with Exhibits A–F, with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. On the same date, I submitted the original video recording included in Exhibit A to the Court through the Court's Digital Exhibit Public Records Submission portal, referencing the corresponding docket entry, and caused the video to be served electronically on the following counsel of record:

Shaoyi Che
YoungZeal LLP
che@yzlaw.com
*Counsel for Plaintiff*

Bole Yuan
stevenyuan@lawvictor-ip.com
*Counsel for Defendants*

/s/ Thomas L. Holt
Thomas L. Holt