**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEXTCLIMB INVESTMENTS, LLC<br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Civil Action No. 1:26-cv-05593<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF NEXTCLIMB INVESTMENTS, LLC'S RESPONSE IN OPPOSITION TO NON-PARTY AMAZON.COM, INC.'S MOTION TO STAY ENFORCEMENT OF ORDER DIRECTING RELEASE OF FUNDS AND FOR FURTHER RELIEF**

Plaintiff NextClimb Investments, LLC ("Plaintiff" or "NextClimb"), by and through its undersigned counsel, respectfully submits this Response in Opposition to Non-Party Amazon.com, Inc.'s ("Amazon") Motion to Stay Enforcement of Order Directing Release of Funds and for Further Relief (the "Motion").

## I. INTRODUCTION

Plaintiff is the lawful registrant of the NextClimb mark and a successful Amazon seller itself since 2019. Plaintiff's owner directly retained the undersigned counsel to combat significant counterfeiting issues uncovered in Plaintiff's investigation on Amazon.com. Plaintiff and its counsel have complied in all respects with the procedures of this Court in filing this trademark infringement action and pursuing its claims against the named Defendants.[1] The

[1] As detailed below, Amazon's supplemental filing (Doc. 62) contains information that is completely unrelated to Plaintiff, Plaintiff's counsel, and this case. It is, and should be regarded as, nothing more than a highly improper attempt to malign Plaintiff and Plaintiff's counsel without any factual or legal basis. Amazon's supplemental filing (Doc. 62) should not only be disregarded by the Court, but stricken from the record.

Parties reached a fair and reasonable settlement. Plaintiff's counsel exercised due diligence in connection with the negotiated settlement, which included requiring documentation from Defendants for verification purposes as submitted to this Court under seal. *See NextClimb Investments LLC v. The Partnerships and Unincorporated Associations Identified in Schedule A,* No. 1:26-cv-4669 (N.D. Ill. April 24, 2026) at Dkt. 34. At the hearing, this Court deemed the submission sufficient and issued a Transfer Order directing Amazon.com, Inc. ("Amazon") to implement the settlement between the Parties. *Id.* at Dkt. 41. This Court subsequently granted another motion covering the same settlement in this case after counsel provided proof of verification.

Two months after the deadline this Court imposed on Amazon to complete the transfer, Amazon secretly filed a motion to delay enforcement of the Transfer Order and insisted on unnecessarily redacting critical information. It brought Plaintiff's Counsel to open court without telling Plaintiff's Counsel about the critical information and led this Court to comment without giving Plaintiff's Counsel an opportunity to be heard. It turns out that, in the unredacted motion, Amazon made serious, incriminating allegations against Plaintiff and insinuated that Counsel might also be involved in the scheme Amazon suspects. But in support, Amazon offers this Court nothing more than speculation, suppositions, and hearsay from two unrelated lawyers whose clients may have a competing financial interest to enforce against certain Defendants in this action. Plaintiff strenuously denies Amazon's allegations and, unlike Amazon, supports its position with competent evidence.

Amazon's suspicion rested mainly on assertions that many, if not all, of the Defendants in this action were also subject to restrictions from unrelated enforcement actions. However, that information is available only to Amazon, and Amazon never provided it to Plaintiff's Counsel,

although Amazon had many opportunities to do so when served with this Court's expedited discovery order. Amazon ignored the fact that it was Amazon who provided Plaintiff the balances remaining in Defendants' account, and settlement in Schedule A cases commonly considers account balances because of the practical difficulty in proving actual damage before discovery and enforcing judgment outside of those balances. What Amazon chose to ignore, and Plaintiff's Counsel did not have the opportunity to point out to this Court, is that Plaintiff's Counsel required documentation from Defendants for verification purposes during the negotiations and submitted those documents to this Court. Having conducted only half an investigation, Amazon has reached an unreliable conclusion that something sinister occurred when counsel negotiated a fair settlement on behalf of its client.

Amazon's assertions of discrepancies appear to rest on a simple misapprehension of Plaintiff's business. More specifically, Amazon limited its "investigation" to Plaintiff's trademark for HVAC covers but never considered the same mark applied to Plaintiff's line of non-slip drawer liners, the product at issue here. Without any evidentiary basis to level such serious allegations against Plaintiff, Amazon resorted (improperly) to relying on sweeping allegations based on completely unconnected procedural and substantive activities in other cases involving different parties, different counsel, and different procedures, none of which relate to this Plaintiff or the undersigned counsel.

On October 19, 2026, Amazon further supplemented a series of exhibits to support its Motion to Stay Enforcement, but none of these exhibits, which only consist of online articles in Chinese, have any bearing on this action or Amazon's claim. Amazon does not produce any witness with personal knowledge to testify on the truthfulness of the matters asserted in these cited articles. Amazon does not even explain who, when, and where the Exhibits were taken.

Conveniently, Amazon also did not provide this Court with a copy of the author's bio page, which shows that this author is a former Amazon employee and belongs to a business consists mainly of former Amazon employees. The new evidence Amazon presents, if admissible and relevant at all, only proves potential wrongdoing by Amazon's former employees.

At bottom, to the extent Amazon's Motion to Stay relies on unsubstantiated allegations about Plaintiff's claim and actions – all of which have been refuted – it should be denied.

## II. ARGUMENT

### A. Plaintiff and its Counsel Have No Prior Knowledge That Some Defendants' Amazon Accounts Were Already Restricted for Reasons Unrelated to This Case.

As a non-party seeking to insert its interests and disrupt pending settlement agreements in this action, Amazon bears a heavy burden of proof. Rather than offering evidence in support of its allegations, it presents suppositions, implications, and hearsay to insinuate potential wrongdoing by Plaintiff and/or its Counsel. It admits that it is offering an incomplete presentation to the Court and that its "investigation remains ongoing." (Amazon brief, p. 2) Neither Plaintiff nor Plaintiff's Counsel had any prior knowledge that Defendants' accounts were already frozen for unrelated reasons. See Jannasch Decl. ¶¶ 3-5; Che Decl. ¶¶ 4-5. In cases commonly referred to as "Schedule A" cases in this district, pre-suit information regarding Defendants' identities and activities is limited. Plaintiff usually only possesses two key pieces of information pre-suit: 1) that Defendants offered infringing products for sale under certain Amazon Standard Identification Numbers ("ASINs"), and 2) unverified company names and addresses displayed on Defendants' Amazon store page. Plaintiff and its counsel have no knowledge of Defendants' account status, balance, and the full scope of infringing activities before Amazon responds to Plaintiff's expedited discovery order. *Id.* In this case, Plaintiff

obtained and served Amazon with this Court's expedited discovery order; Amazon provided Plaintiff's Counsel with Defendants' contact information, infringing sales information, and account balances, but did not disclose that certain accounts were already subject to unrelated holds or restrictions. *See* Che Decl ¶ 3; Ex. 1 Whether to inform Plaintiff's Counsel of Amazon's own enforcement restraints is Amazon's choice. However, Amazon should have at least informed Plaintiff's counsel if any Defendants' accounts were subject to other court orders since they are potentially competing or even conflicting.

Moreover, the fact that Defendants' Amazon account was already restricted for an unrelated reason has no logical bearing on whether that Defendant infringed Plaintiff's trademark or whether the Defendant could later settle Plaintiff's claims. An unrelated account restriction is not a defense against infringement, nor does it prevent Plaintiff from pursuing an otherwise valid claim against the account holder. Plaintiff would not have declined to sue—or discontinued an existing action—simply because Amazon had restricted the Defendant's account for some other reason. Likewise, the existence of a preexisting restriction does not make a subsequent settlement any less genuine. Attorneys from TME Law and Greer Burns & Crain Ltd. voiced concerns that seller funds restrained in their respective cases would be transferred to Plaintiff's Counsel in this case. Neither Plaintiff nor Plaintiff's counsel was positioned or had the means to control or transfer seller funds out of frozen Amazon accounts. That is within Amazon's control. If the same funds were already subject to an earlier court order, Amazon should not have made any transfer in this case, since that would violate that earlier court order blocking all money transfers. Amazon should have identified this issue before carrying out any later transfer. Amazon held the funds, presumably had full knowledge of competing restraints, and was best positioned to flag the conflict and seek judicial clarification if it had concerns about potentially

conflicting enforcement orders. In sum, had Amazon been transparent from the outset, the present issue and concern regarding overlapping restraints would not exist.

**B. The Settlements Reached Between Plaintiff and Defendants Across Cases are Legitimate.**

**a. Plaintiff's counsel exercised due diligence during negotiation and execution of the settlement, as this Court acknowledged.**

Plaintiff's Counsel undertook efforts to verify the settlements. Plaintiff's Counsel was directly in charge of the settlement discussions and did not witness the participation of any third party. Che Decl. ¶ 6. Initially, as shown on the record, Defendants in the related case, *NextClimb Investments LLC v. Schedule A,* No. 1:26-cv-04669 (N.D. Ill. April 24, 2026), initiated settlement discussions without representation of legal counsel. *See Id.* at Dkt. 34. Counsel urged Defendants to retain counsel, required government-issued identification from relevant personnel, documentation establishing ownership and control of the Defendants, and evidence of his authority to act on their behalf. *Id.* Plaintiff's Counsel subsequently filed this material under seal upon an order from this Court. *Id.* This Court held a hearing on the motion on July 1, 2026. During the hearing, this Court acknowledged Plaintiff's verification effort and further commented that if similar motions are to be brought again in the future, Plaintiff's submission in this case will be what His Honor expects. *Id.*

Defendants later retained Counsel, Attorney Bole Yuan, and engaged in further settlement discussions; Plaintiff's Counsel still requested proof of ownership for verification given the large number of Defendants involved. Defendants submitted these materials to this Court under seal. *See* Dkt. 34.

Taken together, this record shows that Plaintiff's Counsel took reasonable steps to verify

the settlements before seeking transfer of the funds, including obtaining supporting documentation, submitting the settlement record to the Court, and encouraging Defendants to retain independent counsel.

**b. Amazon inappropriately misled this Court by intentionally omitting important procedural history and did so with redaction.**

The docket of this case is public and available to everyone, including Amazon. However, Amazon omitted this verification process undertaken by Plaintiff's Counsel and Defendants' Counsel in Amazon's filings. Amazon did not give this Court a complete case history, and instead emphasized only this Court's earlier observation raising concerns regarding the settlement. However, that observation was made before reviewing the parties' submissions. Amazon skipped this important information and made it appear as if the order was entered without review by this Court. More outrageously, Amazon's inappropriate conduct was covered by redaction. The damage is severe. Amazon misled this Court to think that the Order might have initially "gotten by" this Court during the Sep 22, 2026, hearing. Constrained by the redaction, Counsel was deprived of the opportunity to be heard when Plaintiff and its Counsel's integrity was being attacked. Counsel vigorously denies that there was any collusion with Plaintiff or any other party, as Amazon continuously implies.

**c. The settlement amounts matching Defendants' balances reflect the parties' negotiations, not any irregularity.**

Amazon notes that certain settlement amounts matched the restrained balances in the corresponding seller accounts "to the cent" and questions whether the settlements were driven by the amounts available rather than the merits of the claims. *See* Amazon Mot. at 5, Dkt. 59-1.

That circumstance is not surprising in Schedule A litigation. Settlement discussions

commonly account for the amount restrained because potential damages exposure under the Lanham Act may substantially exceed the funds restrained in the seller's Amazon account, while recovery against foreign defendants outside the platform may be difficult or impractical. Therefore, the amount restrained by Amazon, depending on the case-by-case scenario, becomes a factor to consider in settlement negotiations because Plaintiff faces practical issues in recovering any further amounts from defendants in China.

Ordinarily, the parties negotiate back and forth based on the merits of the case, taking into account the amount restrained by a Court-issued order. However, as this Court can see from the sealed filings in *NextClimb Investments LLC v. Schedule A,* No. 1:26-cv-04669 (N.D. Ill. April 24, 2026) at Dkt. 34, Plaintiff initially offered settlement based on the merits of this case and Plaintiff's recovery permitted under the law. *Id.* This Court should also see that the parties reached the final settlement amount after arm's-length negotiation. *Id.* Plaintiff's Counsel was aware that the settlement reached matches Defendants' balances, because Amazon's production provided to Plaintiff identified those balances to the cent. However, Plaintiff had no reason to reject that offer or alter the agreed amounts for the sake of appearances. Plaintiff could not—and should not—change a genuine settlement figure simply because it matched the available balance.

### C. Amazon did not provide any competent evidence supporting its allegation of "apparent discrepancy."

Amazon's "evidence" fails to meet standards of credible proof to support its allegation of "apparent discrepancies". Critically, its presentation of facts to this Court relies entirely on its analysis relating to the Plaintiff's trademark for HVAC vent covers, while Plaintiff uses the same trademark for its line of non-slip drawer liners, and that is what Plaintiff accused Defendants of infringing in this case.

The fact that Plaintiff's registration identifies HVAC vent covers does not mean that Plaintiff uses the NEXTCLIMB mark only in connection with HVAC vent covers. Trademark protection is not limited to goods identical to those identified in the registration. The rights of a trademark owner extend to goods that consumers may reasonably regard as related or as originating from a common source. *See McGraw–Edison Co. v. Walt Disney Prods.*, 787 F.2d 1163, 1169 (7th Cir. 1986). "Closely related" products are those that "would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the trademark owner." *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 958 (7th Cir. 1992).

Here, Plaintiff also markets and sells non-slip drawer liners under the NEXTCLIMB mark. HVAC vent covers and non-slip drawer liners are related home-improvement products marketed to overlapping consumers through the same sales channels, including Plaintiff's official Amazon storefront and its independent website, https://www.nextclimb.store/. Jannasch Decl. ¶ 6; Dkts. 16-3, 16-4. Moreover, Plaintiff submitted competent evidence supporting its claim of infringement. *See* Dkts. 18, 19. Amazon did not address this evidence, nor did it confirm whether Defendants caused Amazon.com to display such listings. Instead, Amazon merely states that its review has not identified sales or listings by Defendants in this case involving HVAC vent covers or other products bearing the NEXTCLIMB mark, without providing the method and scope of its review. Amazon did not address whether Defendants ever used the NEXTCLIMB mark in their listing descriptions or headlines. Therefore, Amazon has not sufficiently supported its allegations of discrepancies.

**D. Amazon's Handling of This Matter Has Been Procedurally Prejudicial to Plaintiff and its Counsel and Warrants Reprimand.**

Amazon's handling of this matter has gone well beyond a request to preserve funds while it conducts an investigation. It redacted filings without a legitimate basis, preventing Plaintiff and its counsel from meaningfully addressing the accusations in open court, and led this Court to make certain comments that the media has interpreted as accusing counsel of potential criminal activity. Then, it cited those unresolved insinuations in unrelated cases, inflicting severe reputational harm on Plaintiff and its counsel.

First, Amazon initially presented its serious accusations *ex parte and in camera* while withholding substantial portions of its submission from Plaintiff and its counsel. Dkt. 45. Amazon never identified any legitimate basis for preventing Plaintiff and its counsel from seeing material that directly concerned their own conduct. Amazon later filed the motion on September 3, 2026, but it was largely redacted. Dkt. 50. Now that Amazon has disclosed the material, nothing in the previously withheld portions appears to justify keeping it from Plaintiff in the first place. *See* Dkt. 59. The material contains no evidence of misconduct; it consists largely of allegations and inferences that Plaintiff could have addressed had Amazon disclosed it earlier.

The resulting prejudice was concrete. At the September 22, 2026 hearing, the Court required attorneys with personal knowledge to appear, and Plaintiff's counsel complied. *See* Dkt. 57; Che Decl. ¶ 11. Yet when Amazon and this Court raised concerns relating to the redacted materials, Plaintiff's counsel could not meaningfully respond because Amazon had prevented counsel from seeing the very information underlying those concerns. *See* Che Decl. ¶ 11. Amazon's chosen procedure thus created an informational imbalance that skewed the Court's initial impression and compounded the reputational injury.

Second, Amazon has turned this case into a template for unrelated litigation. As reported by Law360, a national legal news service, Amazon has cited the NextClimb matter in requests to halt transfers in other cases and has sought stays in numerous other actions in this District. *See* Che Decl. ¶ 12, Ex. 3. Those cases involve different plaintiffs, defendants, counsel, evidence, and procedural histories. Amazon's counsel has repeatedly associated this action with a broader group of cases in which its counsel has characterized entirely separate conduct as "shocking"—including plaintiffs withdrawing cases, reporting judgments satisfied, or failing to appear. *See* Che Decl. ¶ 12, Ex. 3. None of that occurred here. Yet Amazon's repeated invocation of this case has caused Plaintiff and its counsel to be publicly associated with egregious conduct occurring elsewhere.

Plaintiff respectfully submits that Amazon's conduct exceeds the bounds of legitimate advocacy and warrants the Court's express disapproval.

**E. Amazon's Oct 19, 2026 Filing of Supplement is Grossly Inappropriate, and this Court Should Consider Striking It or Disregard It.**

Yesterday, Amazon filed an approximately eleven-minute video and a set of Chinese-language social-media posts attributed to a third party it calls "Xiao Niu," who describes a "forced-payout business" and refers to unrelated sellers as his "clients" who "colluded" with him. Dkt. 62-1. The filing included no declarations; the translation was not certified; and it provided no explanation of who took the screenshots or when and where they were taken. Amazon conveniently omitted from the filings a screenshot of Xiao Niu's bio page. Plaintiff's counsel navigated the Little Red Note App and found Xiao Niu's bio page. *See* Che Decl. ¶ 9; Ex. 3. The record shows that Xiao Niu is, surprisingly, a former Amazon employee. *Id*. Xiao Niu also disclosed that his company includes other former Amazon employees. Amazon has turned

what appears to be a sophisticated fraud committed and engineered by one of its own former employees into scurrilous and unfounded accusations about Plaintiff and Plaintiff's counsel. It does so by laying this unrelated case beside its "findings" about completely unrelated persons and cases, thereby inviting the inference that Plaintiff and its counsel are part of that scheme. This is an outrageous insinuation. And it is completely false.

While Amazon's accusations are meritless, the harm that its actions have caused (and stand to continue to cause) is very real. Allegations of fraud "can do serious damage to the goodwill of a business firm or a professional person." *Bankers Tr. Co.* v. *Old Replublic Ins. Co.,* 959 F2.d 677, 682-683 (7th Cir 1992). Further, "For one lawyer to accuse another of unethical behavior without any evidence to back up that accusation is unethical," and may be subject to sanctions. *United States v. Stafford*, 136 F.3d 1109, 1113 (7th Cir. 1998). Knowing it had no evidence of fraud, and knowing the filing date and procedure in this case do not even match Xiao Niu's narrative, Amazon filed the materials anyway and built a point-by-point list suggesting that this case is associated with Xiao Niu's business. Amazon did this knowing full well that this case has drawn media attention, and knowing full well that doing so would cause tremendous reputational harm to Plaintiff and Plaintiff's counsel.

Plaintiff and its counsel do not know this person, Xiao Niu, or his Company, have not previously seen the videos or screenshots, and have no connection with this person. *See* Jannasch Decl. ¶ 6; Che Decl. ¶ 11. Plaintiff and its counsel firmly deny all inferences of fraud raised in Amazon's supplement.

In short, Amazon conducted an incomplete investigation, improperly sealed filings to deny Plaintiff and its counsel any reasonable chances to prepare for the Sep 22, 2026 hearing,

and then repeatedly invoked this case in unrelated proceedings before testing those accusations here. Amazon went on to file unverified videos and screenshots purporting to describe fraud committed by a former Amazon employee, while continuing to insinuate Parties' and Counsel's involvement in that fraud without any evidence. That conduct has impaired the orderly resolution of this case and caused severe reputational harm to Plaintiff and its counsel. Plaintiff's Counsel respectfully argues that Amazon is now abusing this Court's procedures. The Court should expressly reprimand Amazon for creating and amplifying that prejudice.

## III. CONCLUSION

For these reasons, because Amazon's Motion does not sufficiently support its allegations, the Court should deny the motion to the extent it challenges the legitimacy of Plaintiff's claims or the legitimacy of the settlements. Counsel further requests that the Court not postpone the hearing currently set for October 28, 2026, in light of Amazon's supplement. Plaintiff has responded, and its Counsel is prepared to appear in person.

Date: October 20, 2026

Respectfully submitted

By: *Shaoyi Che*

Shaoyi Che
TX# 24139843
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382
che@yzlaw.com

## CERTIFICATE OF SERVICE

I, Shaoyi Che, hereby certify that on October 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participating counsel of record.

*/s/ Shaoyi Che*
Shaoyi Che