**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NEXTCLIMB INVESTMENTS LLC,<br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br>*Defendants.* | **Civil Action No.: 1:26-cv-05593**<br><br>Hon. Judge Matthew F. Kennelly |

**DEFENDANTS' RESPONSE TO**
**1) AMAZON'S MOTION TO STAY ENFORCEMENT OF ORDER DIRECTING RELEASE OF FUNDS AND FOR FURTHER RELIEF (ECF NO. 59); AND**
**2) AMAZON'S SUPPLEMENT THERETO (ECF NO. 61)**

Defendants identified in Schedule A to Second Amended Complaint [ECF No. 16-1] (the "Defendants"), by and through their undersigned counsel, respectfully respond to Amazon's Motion to Stay Enforcement of Order Directing Release of Funds and for Further Relief [ECF No. 59] as well as the Supplement thereto [ECF No. 60] and state as follows:

**A. The Confidential Settlement Agreement Was Entered after Arm's Length Negotiations and the Parties' Joint Motion to Release Funds for Settlement Was Justified.**

1. On April 24, 2026, Plaintiff commenced Case No. 26-cv-4669 in this District, claiming trademark infringement against hundreds of online sellers including Defendants in this action. *See NextClimb Investments LLC v. The P'ship and Unincorporated Assocs. identified on Schedule A*, Case No. 26-cv-4669 (N.D. Ill., filed Apr. 4, 2026, closed Aug. 24, 2026).

2. On May 12, 2026, following this Court's order, Plaintiff amended its complaint in Case No. 26-cv-4669, reducing the number of defendants to 100. *See id.*

3. Subsequently, Plaintiff divided the accused infringers into several groups, each in a new action, including the present action as well as Case nos. 26-cv-5597, 26-cv-6018, and 26-cv-6020, all of which were filed in this District.

4. On May 20, 2026, on Plaintiff's motion, this Court issued an *ex parte* Temporary Restraining Order in the present action against Defendants, restraining Defendants' Amazon accounts and authorizing expedited discovery and electronic service [ECF No. 20].

5. After Plaintiff effected service on Defendants, Defendants began negotiating with Plaintiff's counsel for settlement in the present action and the sister Case No. 26-cv-4669. On Defendants' side, the settlement was conducted through a Chinese individual who is the joint operating director and beneficial owner of all Defendants. As the result of this negotiation, said individual executed a Confidential Settlement Agreement dated June 19, 2026 (the "Confidential Settlement Agreement") on behalf of all Defendants. The name, address, and People's Republic of China national identification number of said individual are disclosed in the Confidential Settlement Agreement. However, since the Confidential Settlement Agreement is stipulated to be confidential and currently sealed pursuant to the Court's order dated July 2, 2026 [ECF No. 37], this individual is hereinafter referred to by his role as "Defendants' Joint Operator."

6. On June 23, 2026, pursuant to the terms of the Confidential Settlement Agreement dated June 19, 2026, Plaintiff's counsel moved for an order directing Amazon to release the agreed-upon settlement funds to Plaintiff's counsel. [ECF No. 31].

7. On June 19, 2026, this Court entered an order in the sister Case No. 26-cv-4669 expressing concern that none of the settling defendants had appeared in that case and

requiring "verified confirmation of the existence and amounts of the settlements." *NextClimb Investments LLC*, Case No. 26-cv-4669, ECF No. 32 (N.D. Ill. Jun. 19, 2026).

8. On June 25, 2026, this Court issued a Minute Entry in the present case requiring parties to submit "documentary support for contention that the amounts sought to be transferred are supported by settlements with each of the defendants named." [ECF No. 33].

9. After learning of the Court's June 19, 2026 order in sister Case No. 26-cv-4669, through his own efforts, Defendants' Joint Operator found the undersigned counsel, who frequently appeared as defense counsel in Schedule A cases in this District. Defendants' Joint Operator retained the undersigned counsel to represent Defendants in this action as well as the defendants in other related actions which Defendants' Joint Operator controls.

10. After securing counsel, Defendants' Joint Operator was advised on the Court's concern over the large settlement amounts and Plaintiff's trademark infringement claims.

11. However, Defendants' Joint Operator has reasonable justifications for the swift settlement with Plaintiff, because he believes Amazon was about to permanently deactivate Defendants' Amazon seller accounts if this action and all the related ones were not resolved before a certain imminent date.

12. Defendants' Joint Operator also believes that the settlement amounts in all actions were justified because they do not represent the full value of Defendants' Amazon accounts. In part, the amounts reported by Amazon to Plaintiff's counsel pursuant to the expedited discovery order represent only the account balances at the time of the report, and Defendants' Joint Operator believes that there might be additional funds deposited into Defendants' Amazon accounts through their routine business operations. From the perspective of Defendants' Joint Operator, the benefit of sustaining Defendants' Amazon

seller accounts outweighed the expense stipulated in the Confidential Settlement Agreement.

13. In retrospect, after learning of Amazon's instant motion to stay enforcement of the settlement, Defendants' Joint Operator strongly denies that he had any knowledge of Plaintiff nor any communication with Plaintiff or its counsel before Defendants' Amazon seller accounts received notifications of this action and the related ones.

14. The undersigned counsel, at the same time, is shocked that Amazon is insinuating a collaboration between Defendants and Plaintiff in a scheme to withdraw funds illegally. Based on the communications between Plaintiff's counsel and Defendants' Joint Operator as well as the communications between Plaintiff's counsel and the undersigned counsel, the Confidential Settlement Agreement in this action and all other related settlements were entered by the parties after arm's length negotiations.

15. Defendants' Joint Operator's decision to enter into the Confidential Settlement Agreement was a strategic one made in the best interest of Defendants, based on the circumstances at the time and facts available to Defendants' Joint Operator and counsel.

16. In fact, while Plaintiff eventually filed five actions against Amazon stores which Defendants' Joint Operator asked the undersigned counsel to represent, Defendants' Joint Operator did not settle all five actions at the same time because he did not have full notice and knowledge of all five at the same time, probably due to the different timings of services. The first two cases, Case No. 26-cv-4669 and the present one, were settled in June, 2026. The latter three were settled in July, 2026. Had Defendants' Joint Operator schemed with Plaintiff, as Amazon insinuated, the parties could have completed the negotiations at the same time and acted in a more coordinated way.

17. Further information concerning Defendants' legal strategy, risk assessment, and rationale for entering into the court-sanctioned Confidential Settlement Agreement constitutes privileged attorney-client communications. Under Federal Rule of Evidence 501 and the Seventh Circuit common law, confidential communications made between a client and counsel for the purpose of securing legal advice regarding settlement posture are absolutely privileged and immune from disclosure. *See Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981); *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). Furthermore, counsel is ethically prohibited from disclosing confidential information relating to the representation absent an explicit order from this Court, pursuant to N.D. Ill. Local Rule 83.50 and Pennsylvania Rule of Professional Conduct 1.6(a) and (c)(8).

18. Back in the present action: Following the Court's directive in this action, Defendants submitted the Declaration of their Joint Operator [ECF No. 36] and three exhibits containing the PRC National Identification Card of Defendant's Joint Operator [ECF No. 36-1], the Confidential Settlement Agreement [ECF No. 36-2] and proof of Defendant's Joint Operator's ownership and control over Defendants' Amazon accounts [ECF No. 36-3].

19. Defendants concurrently filed a Motion for Leave to File Exhibits under Seal [ECF No. 35]. In said motion, Defendants stated that "good cause exists because the documents requested to be filed under seal contain not only confidential settlement communications, but also sensitive information regarding Defendants' business operations." *Id*. at ¶¶ 4-5. Plaintiff agreed to the requested sealing. *Id*. at ¶ 6.

20. On July 2, 2026, this Court granted the motion to seal and the Parties' concurrently filed

revised joint motion to direct Amazon to release settlement funds to Plaintiff. [ECF No. 37.]

21. The Declaration of Defendants' Joint Operator and its accompanying exhibits remain sealed to date.

22. For the reasons stated above, the undersigned counsel reasonably believes that the settlement between Plaintiff and Defendants was negotiated in arm's length, and Defendants did not intend the settlement to be a vehicle to transfer funds from their Amazon accounts to other accounts under the control of Defendants or any related parties.

23. While Defendants believe Amazon's motion to stay is based on speculations and unrelated evidence, Defendants do not oppose staying the enforcement of the Confidential Settlement Agreement so that the Court may have ample time to reevaluate the facts at hand and potentially issue orders for further investigation. Defendants' non-opposition to the stay, however, does not constitute a waiver of Defendants' rights to move for the enforcement of the Confidential Settlement Agreement at a later time.

**B. Amazon's Motion and the Supplement Thereto Do Not Contain Any Direct Evidence Showing Defendants and Plaintiff Conspired to Withdraw Funds from Restrained Accounts.**

24. While Defendants do not oppose Amazon's proposed stay of the enforcement, the undersigned counsel believes it is helpful to direct the Court's attention to several deficiencies in Amazon's evidence and legal argument.

25. First, the mere fact that Defendants are involved in separate, unrelated litigations with clients represented by attorneys Martin Trainor and Justin Gaudio does not render the current, court-sanctioned settlement invalid or fraudulent. A settlement agreement is a

standard resolution of legal disputes, and the existence of other unadjudicated claims by third parties does not automatically strip Defendants of the right to settle this case. The generalized concerns of third-party attorneys about their clients' own potential recoveries are legally irrelevant to the enforceability of the settlement at hand. Amazon cannot ask this Court to stay a finalized settlement based purely on the speculative fear that it might impact the collection efforts of non-parties in separate cases.

26. Notably, while there are hundreds of Defendants involved in the present action and the related ones, the letter by Attorney Martin Trainor identifies only two instances where Defendants' accounts were previously frozen in actions brought by Mr. Trainor's clients. [*See* Exh. A to Musil Decl., ECF No. 59-11.]

27. In the letter by Attorney Justin Gaudio, Mr. Gaudio advises that he represents plaintiffs in separate cases with overlapping defendants and refers to an attachment of list of these defendants. But Amazon seems to have omitted this list in its filings. [*See* Exh. B to Musil Decl., ECF No. 59-12.] Because Defendant has been wholly deprived of the opportunity to scrutinize Mr. Gaudio's list, any arguments deriving from that list must be stricken or disregarded in their entirety.

28. Crucially, Amazon concedes that its internal investigation is not even complete. "That review remains ongoing, and Amazon has not yet determined the full number of potentially affected seller accounts, cases, parties, or counsel." Declaration of Stephany Musil ("Musil Decl."), at ¶ 7 [ECF No. 59-10.] Indeed, Amazon has "not yet completed an account-by-account review." *Id*. at ¶ 24.

29. Further, while Amazon identified "at least sixteen actions filed by NextClimb in this District between March and July 2026 in which Shaoyi Che of YoungZeal LLP

represented NextClimb" [ECF No. 59-10], the undersigned counsel only appeared for defendants in five actions and was not even aware of other ones.

30. A limited number of prior legal holds or alleged infringements on specific storefronts cannot taint all seller accounts subject to the Confidential Settlement Agreement and the other related settlement agreements which the undersigned counsel has reviewed.

31. Further, Amazon Supplement did not bring any direct evidence connecting Defendants to Xiao Niu or similar service providers who allegedly can withdraw funds from restrained Amazon seller accounts. The undersigned counsel was not aware of Xiao Niu or the facts raised in Amazon's Supplement until yesterday.

32. The undersigned counsel is indeed very frustrated that Amazon chose to cast serious accusations before this Court when its internal investigation is not complete. The undersigned counsel understands that Amazon, as a service provider *to the sellers* and neutral e-commerce platform, was faced with the difficult issue on how to handle Plaintiff's enforcement request when there had been prior legal restraints on some of Defendants' accounts. However, Amazon could have handled this issue in much less damaging ways, such as reaching out to the parties' counsel for cooperation and asking the Court for a clarification as to this very issue. Instead, Amazon filed its motion *ex parte* and withheld its purported evidence, which proves to be speculative, until the last minute (Amazon did not even file its Supplement until one day before this Response is due). As a result, the undersigned counsel was forced to appear in the previous hearing unprepared and conduct hasty investigations into shrouded facts.

Date: October 20, 2026 Respectfully submitted

By: /s/ *Bole Yuan*

Bole Yuan

**LAW OFFICE OF BOLE YUAN, ESQ.**
204 S 3rd St
Philadelphia, PA 19106
stevenyuan@lawvictor-ip.com
Tel: 215-901-8324
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, Bole Yuan, hereby certify that on October 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participating counsel of record.

*/s/ Bole Yuan*
Bole Yuan