**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NEXTCLIMB INVESTMENTS, LLC<br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Civil Action No. 1:26-cv-05593<br><br>Honorable Matthew F. Kennelly |

**PLAINTIFF'S MOTION TO STRIKE AMAZON'S SUPPLEMENT (DKT. 62) OR, IN THE ALTERNATIVE, TO EXCLUDE IT FROM THE DECEMBER 9, 2026 EVIDENTIARY HEARING**

Plaintiff NextClimb Investments, LLC ("Plaintiff"), through undersigned counsel, respectfully moves to strike Non-Party Amazon.com, Inc.'s Supplement to its Motion to Stay Enforcement of Order Directing Release of Funds and for Further Relief (Dkt. 62) (the "Supplement") or, in the alternative, for an order that the Supplement and its exhibits will not be received as evidence at the December 9, 2026 evidentiary hearing. Plaintiff has conferred with Amazon and Defendants on this motion. Amazon opposes this motion and requested 10 days to respond, with Plaintiff having 4 days to reply. Defendants do not oppose this Motion.

## I. INTRODUCTION

Amazon's Supplement offers an anonymous Chinese-language video and social-media posts by a persona called "Amazon Xiao Niu Appeal" ("Xiao Niu"). Amazon itself admits what those materials do not show. Amazon "does not contend that the materials necessarily establish a connection between Xiao Niu and Plaintiff, Defendants, or their counsel in this action, and it does not ask the Court to make findings of misconduct based on them." Dkt. 62 at 2. It concedes that it

"has not established that Xiao Niu was involved in this action." *Id.* at 4. Material that its own proponent says proves nothing about this case has no place on this docket.

Yet Amazon then lays this case side by side with Xiao Niu's account under the heading "The Materials Warrant Responses from Plaintiff and Defendants' Counsel," names Plaintiff's counsel and his firm, and asks that counsel be directed to answer for the "parallels." *Id.* at 4–6. And since Plaintiff responded, Amazon has carried the Supplement into other courts without its concession. On November 2, 2026, Amazon told Judge Tharp that the Supplement shows "a China-based service provider who uses U.S. litigation . . . to secure court-ordered transfer orders," in a paragraph built around "patterns suggesting that certain Schedule A plaintiffs and defendants may be colluding" and this case. Joint Status Report at 1–2, *Maimaitiaizezi v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 1:26-cv-06208 (N.D. Ill. Nov. 2, 2026), Dkt. 59 (Ex. A). Nowhere does that filing tell Judge Tharp that Amazon has not connected Xiao Niu to this case.

Additionally, with the evidentiary hearing set for December 9, 2026 (Dkt. 70), the Supplement serves only to divert that hearing from the issues Amazon's motion actually raises into a collateral inquiry about a stranger to this case.

Therefore, the Supplement should be stricken or, at a minimum, excluded from the evidentiary hearing.

## II. LEGAL STANDARD

Rule 12(f) permits the Court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); Delta Consulting Grp., Inc. v. R. Randle Constr., Inc., 554 F.3d 1133, 1141 (7th Cir. 2009). A district court may strike an allegation as scandalous when it "bears no possible relation to the controversy," or when the

allegations are "devoid of any factual basis." Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664–65 (7th Cir.1992); see also Anderson v. Bd. of Educ. of City of Chicago, 169 F.Supp.2d 864, 867–68 (N.D.Ill.2001) ("[p]rejudice results when the matter complained of has the effect of confusing the issues").

District courts have considerable discretion under Rule 12(f). See Delta, 554 F.3d at 1141–42; see also Blankenship v. Pushpin Holdings, LLC, No. 14 C 6636, 2015 WL 5895416, at *16 (N.D.Ill. Oct. 6, 2015). Although motions to strike are generally disfavored, they are appropriate where they "serve to expedite" the litigation by removing unnecessary clutter. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

While Rule 12(f) does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions. *See, e.g.*, *Unytite, Inc. v. Lohr Structural Fasteners, Inc.*, 91 C 2849, 1992 WL 34143, at *6 (N.D. Ill. Feb. 13, 1992) (granting motion to strike affidavit and exhibit in plaintiff's response to motion to dismiss); *Hanover Ins. Group v. Singles Roofing Co.*, 10 C 611, 2012 WL 2368328, at *9 (N.D. Ill. June 21, 2012) (granting motion to strike unauthorized and untimely supplemental response brief to preliminary injunction motion). This authority comes from the Court's inherent power to strike impermissible filings. *Cf. Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994) (upholding district court's discretion to strike filing not provided for by the Local Rules); *see also In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 763 F. Supp. 2d 423, 581-82 (S.D.N.Y. 2011) (noting the district court's "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances" in deciding motion to strike exhibits from a motion to dismiss).

## III. ARGUMENT

The Supplement should be stricken because it is scandalous, devoid of any factual basis as to this case, and prejudicial. Striking it will promote judicial economy and avoid obscuring the issues to be resolved at the December 9 hearing. At a minimum, the Supplement should not be received as evidence at that hearing.

### *a. The Supplement is scandalous and devoid of any factual basis.*

Amazon's own concessions establish that the Supplement is "devoid of any factual basis" as to this case. Talbot, 961 F.2d at 664–65. Amazon has conceded that it has not established a connection between the Supplement and this case, parties, or counsel. Dkt. 62 at 2, 4. Amazon nonetheless argues that "several aspects of the business he describes correspond to the concerns identified in the Motion," names Plaintiff's counsel and his firm, and asks that counsel be directed to answer for those "parallels," *id.* at 4–6, although nothing in the Supplement identifies this case, the parties, or counsel. *Blankenship v. Pushpin Holdings* is particularly instructive here because it struck an effort to link separate alleged schemes through an unsupported claim of a common policy and practice. 2015 WL 5895416, at *16.

The stricken material in *Blankenship* concerned an alleged fraudulent "New York practice" to take money from small businesses. Id. Plaintiffs invoked that scheme to support punitive damages by portraying it and the "Illinois practice" at issue as part of a common policy and practice. *Id.* Both practices involved credit-card-processing equipment, and one defendant—Lease Finance—was common to both. *Id.* Yet those overlaps supplied "only a cursory factual connection" and did not substantiate the alleged common practice or connect the other defendants, Pushpin and Cohen, to the New York practice. *Id.* The court therefore struck the New York

allegations because intertwining them with the Illinois allegations "prejudice[d] and confuse[d] the issues as they relate to" those defendants. *Id.*

Here, Amazon has not established even the limited factual link present in *Blankenship*, where one defendant was common to both matters. 2015 WL 5895416, at *16. Amazon expressly acknowledges that it has not established Xiao Niu's involvement in this action. Dkt. 62 at 4. It does not even reach the level of the "cursory factual connection" found insufficient in *Blankenship.* 2015 WL 5895416, at *16.

This case also parallels *Talbot:* both involve an unsupported leap from possible wrongdoing to an accusation against particular litigants. The allegations stricken in *Talbot* accused the defendants of deliberately causing milk contamination to carry out a fraudulent scheme and rested in part on a rumor that an insider could taint the milk. 961 F.2d at 665. Although that rumor suggested possible sabotage, it supplied no factual basis for accusing those defendants of perpetrating the fraud. *Id.* Here, Xiao Niu's videos and posts are no different from a rumor. Worse, they supply no factual basis for identifying parties or their counsel in this case as participants in that scheme. Amazon's certified translations (Dkt. 62, Ex. F) establish only what the speaker said, not who he is, whether anything he said is true, or that any of it concerns this case.[1]

In short, Amazon's Supplement supplies no factual basis for attributing Xiao Niu's alleged misconduct to this case, the parties, or their counsel. The Supplement is scandalous and warrants striking for the same reasons identified in *Blankenship* and *Talbot*. See *Blankenship*, 2015 WL 5895416, at *16; *Talbot*, 961 F.2d at 665.

---

[1] Plaintiff's response stated that Amazon's translation "was not certified." Dkt. 65 at 11. That statement was incorrect, and Plaintiff withdraws it. Amazon submitted certifications from TransPerfect for its Chinese-language transcription and English translations. Dkt. 62, Ex. F. The correction does not affect the point made here: a certified translation establishes what was said, not who said it or whether it is true.

***b. The Supplement has caused and will continue to cause prejudice to Plaintiff and will confuse the issues at the evidentiary hearing.***

The Supplement causes multiple layers of prejudice.

*First*, with the evidentiary hearing set for December 9, 2026, leaving the Supplement on the docket would divert the proceeding into collateral disputes over Xiao Niu's transactions, obscuring the issues the Court must decide. Amazon's motion raises discrete questions: whether Plaintiff's infringement claim is substantiated, and what the parties knew of enforcement holds Amazon placed on Defendants' accounts before this action was filed. Dkt. 45; Dkt. 59-1. The Supplement, by Amazon's own account, answers none of them. That hearing should address the factual disputes in this case, without being diverted into an investigation of Xiao Niu's wholly unrelated activities. *See Anderson*, 169 F. Supp. 2d at 868 (explaining that challenged material causes prejudice when it confuses the issues); *Heller Fin., Inc. v. Midwhey Powder*, 883 F.2d 1286, 1294 (7th Cir.1989) (holding that motions to strike are appropriate if they serve to expedite litigation).

Nor could the Supplement properly be received as evidence at that hearing. Its exhibits are out-of-court statements by an anonymous online persona, offered to suggest that what he describes is true. Fed. R. Evid. 801(c), 802. No witness with knowledge authenticates who made them or when. Fed. R. Evid. 901(a). And by Amazon's own account, they are not tied to this case, so whatever slight relevance they might have is substantially outweighed by the danger of confusing the issues and wasting time. Fed. R. Evid. 401–403. If the Supplement is not stricken, the Court should order that it and its exhibits will not be received as evidence at the December 9 hearing.

*Second*, this case is followed by the legal press; *see* Dkt. 65, Ex. 2, and the Supplement places Plaintiff's name beside an anonymous account of a scheme that Amazon admits it cannot

connect to Plaintiff. Every day the Supplement remains on the docket, that juxtaposition can be repeated, as Amazon has now done in another court.

*Third*, Amazon has invoked the Supplement in other cases before other judges, where Plaintiff and its counsel are not parties and receive no notice. *See, e.g.*, Ex. A. *Maimaitiaizezi v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 1:26-cv-06208 (N.D. Ill. Nov. 2, 2026), Dkt. 59. On November 2, 2026, after Plaintiff had responded to the Supplement here, Amazon told Judge Tharp:

> "On October 2, 2026, Amazon filed a Motion for Temporary Stay of Enforcement of Transfer Order ("Motion to Stay") in the present action based on patterns suggesting that certain Schedule A plaintiffs and defendants may be colluding to obtain transfer orders that release funds Amazon had already frozen for independent enforcement reasons unrelated to the claims asserted [Dkt. No. 55]. Amazon raised similar concerns in a motion to stay in NextClimb Investments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A," No. 26-cv-5593, before Judge Kennelly (the "NextClimb Litigation"). Amazon subsequently filed a supplement to its motion to stay in the NextClimb Litigation which provides additional facts which shed light on a potential explanation for the circumstances identified in the motion to stay. [NextClimb Litigation, Dkt. No. 62]. Specifically, publicly available Chinese-language social media posts and videos show that there is a China-based service provider who uses U.S. litigation (and specifically, Northern District of Illinois litigation) to secure court-ordered transfer orders to allow seller-defendants to obtain the release of Amazon seller funds that could otherwise not be recovered. Judge Kennelly held a status hearing in the NextClimb Litigation on October 28, 2026, and entered an Order granting Amazon's motion to stay pending an evidentiary hearing which will take place on December 9, 2026 [NextClimb Litigation, Dkt. No. 70]." Ex. A at 1–2.

That account omits what Amazon conceded here: that it does not contend the materials establish any connection to Plaintiff, Defendants, or their counsel. Dkt. 62 at 2. Amazon even acknowledged to Judge Tharp that "the facts of the present action are different than the facts in the NextClimb Litigation." Ex. A at 4. Amazon thus uses the Supplement elsewhere as if it showed something about this case that, before this Court, Amazon disclaims. Striking it here is the only remedy within this Court's control.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Amazon's Supplement (Dkt. 62) and its exhibits so that the pending dispute can be resolved without litigating a stranger's alleged misconduct, or, in the alternative, order that the Supplement and its exhibits will not be received as evidence at the December 9, 2026 evidentiary hearing, and grant such further relief as the Court deems just.

Date: November 9, 2026
Respectfully submitted

By: */s/ Shaoyi Che*

Shaoyi Che
TX# 24139843
Admitted to *N.D. Ill.*
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382
che@yzlaw.com

Thomas J. Nitschke
Dragonfly Law Group, P.C.
3016 Mary Kay Lane, Glenview, Illinois
60026
(720) 454-0129 | tomn@dflylaw.com

Counsel for Plaintiff NextClimb
Investments, LLC

INDEX OF EXHIBITS

Exhibit A – Joint Status Report, *Maimaitiaizezi v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 1:26-cv-06208 (N.D. Ill. Nov. 2, 2026), Dkt. 59

**CERTIFICATE OF SERVICE**

I, Shaoyi Che, hereby certify that on November 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participating counsel of record.

/s/ Shaoyi Che
Shaoyi Che