**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NEXTCLIMB INVESTMENTS LLC, *Plaintiff*, | : | **Civil Action No.: 1:26-cv-05593** |
| v. | : | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, *Defendants.* | : | Hon. Judge Matthew F. Kennelly |

**DEFENSE COUNSEL'S MOTION FOR LEAVE TO
WITHDRAW AS COUNSEL FOR DEFENDANTS**

Attorney Bole Yuan of the Law Office of Bole Yuan, Esq., counsel of record for the appearing Defendants identified on Schedule A to the Complaint ("Defendants"), respectfully moves this Court for leave to withdraw as counsel pursuant to Northern District of Illinois Local Rules 83.17 and 83.50, and American Bar Association ("ABA") Model Rules of Professional Conduct 1.2(c), 1.16(a)(1), and 1.16(b)(4)-(7). In support of this Motion, counsel submits the accompanying Declaration of Bole Yuan ("Yuan Decl.") and states as follows:

## I. FACTUAL BACKGROUND

Prior to undersigned counsel's involvement, Defendants – acting through their joint operating director and beneficial owner, Guofu Lu ("Mr. Lu") – negotiated and executed a Confidential Settlement Agreement dated June 19, 2026, with Plaintiff NextClimb Investments LLC ("Plaintiff") in this action and in the related action NextClimb Investments LLC v. The Partnerships, et al., Case No. 26-cv-4669 (N.D. Ill.). (Yuan Decl. ¶¶ 3–4.)

Following this Court's June 19, 2026 Order in Case No. 26-cv-4669 [ECF No. 32] and June 25, 2026 Minute Entry in this action [ECF No. 33] requiring documentary verification of

the settlements, Mr. Lu retained undersigned counsel for a strictly limited purpose: to review the Confidential Settlement Agreement, verify Mr. Lu's authority to execute the agreement in accordance with this Court's orders, and jointly move with Plaintiff's counsel to enforce the agreement and transfer Defendants' restrained funds held by non-party Amazon.com, Inc. ("Amazon") to Plaintiff. (*Id.* ¶¶ 5–8.)

After this Court entered its July 2, 2026 Order Directing Release of Funds [ECF No. 37], Amazon filed a Motion to Stay the transfer order ("Amazon's Motion to Stay"). Undersigned counsel promptly advised the client of the legal consequences of Amazon's Motion to Stay and informed the client that defending against Amazon's allegations fell outside the limited scope of counsel's engagement. (*Id.* ¶¶ 9–10.)

Notwithstanding that Amazon's Motion to Stay exceeded the agreed scope of representation, undersigned counsel performed substantial urgent legal work without compensation – including investigating the allegations, drafting and filing Defendants' Response [ECF No. 68], and traveling from Philadelphia, Pennsylvania to Chicago, Illinois to attend two in-person hearings on October 28, 2026 [ECF No. 70] and November 10, 2026 [ECF No. 76] – in order to meet the Court's strict deadlines and respond on the record to serious allegations impacting counsel's professional reputation. (*Id.* ¶ 11.)

Counsel has repeatedly advised the client that ongoing litigation concerning Amazon's Motion to Stay falls outside the scope of counsel's engagement and that continued representation requires the client's consent to counsel's proposed litigation plan and payment for the expanded legal services. To date, the client has neither consented to counsel's recommended strategy nor paid for any of the additional work performed. (*Id.* ¶ 12.)

Pursuant to this Court's October 28, 2026 Order permitting limited discovery [ECF No. 70], Plaintiff and Amazon served extensive written discovery requests and deposition notices on November 3, 2026, and November 4, 2026, respectively – comprising 32 interrogatories, 40 requests for production across approximately 100 Amazon seller accounts, and three separate depositions (an individual deposition of Mr. Lu and two Rule 30(b)(6) depositions spanning 26 combined topics). (*Id.* ¶ 13.)

On November 8, 2026, undersigned counsel provided Mr. Lu with formal written notice of counsel's intent to move to withdraw, advised him of all impending December 2026 discovery and hearing deadlines and the requirement that business entities be represented by licensed counsel, and transferred the complete case file – including all pending discovery requests and deposition notices – to Mr. Lu. (*Id.* ¶¶ 17–18.)

## II. LEGAL STANDARD

Under Northern District of Illinois Local Rule 83.17, an attorney who has filed an appearance may withdraw only upon obtaining leave of court. Whether to grant leave to withdraw rests within the sound discretion of the district court. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087-88 (7th Cir. 1982); *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 816 (7th Cir. 2017).

Pursuant to Local Rule 83.50, practice before this Court is governed by the ABA Model Rules of Professional Conduct. Under ABA Model Rule 1.16(b), counsel may withdraw where:

> ". . . (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden

> on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists."

ABA Model Rule 1.16(b)(4)-(7).

Furthermore, withdrawal is mandatory where continued representation will result in a violation of the Rules of Professional Conduct or other law. *See* ABA Model Rule 1.16(a)(1)).

## III. ARGUMENT

### A. Good Cause Exists Because the Ancillary Proceedings Exceed Counsel's Limited Scope and Impose an Unreasonable Financial Burden.

Under ABA Model Rule 1.2(c), an attorney may limit the scope of representation where reasonable under the circumstances. Here, counsel's retention was strictly confined to reviewing the Confidential Settlement Agreement, verifying Mr. Lu's execution authority, and jointly moving for a transfer order. (Yuan Decl. ¶ 8.) Amazon's Motion to Stay – and the ensuing multi-party discovery probing pre-suit account holds, third-party service providers, multi-year sales records, and even the circumstances of counsel's retention and fee payments (*id.* ¶¶ 13-14) – has transformed this matter into full-scale contested litigation wholly outside the agreed engagement.

Despite counsel's repeated warnings, the client has refused to expand the scope of representation or compensate counsel for substantial past and ongoing legal work. (*Id.* ¶¶ 11–12, 16.) As the Seventh Circuit has recognized, law firms are not required to finance a client's litigation or absorb substantial uncompensated expenses. S*ee Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540-41 (7th Cir. 2002) (reversing denial of motion to withdraw where client failed to pay substantial legal fees). Because counsel is based in Philadelphia, Pennsylvania, requiring counsel to litigate 72 written discovery requests, defend three depositions, and travel to Chicago for in-person hearings without compensation imposes a severe and unreasonable financial burden under ABA Model Rule 1.16(b)(5) and (b)(6). (Yuan

Decl. ¶ 16.)

### B. Continued Representation Is Legally and Ethically Impossible Without Client Cooperation.

Defendants have failed to respond to counsel's repeated requests for timely cooperation and have refused to consent to counsel's recommended strategy of actively participating in discovery and the evidentiary hearing to refute Amazon's allegations. (Yuan Decl. ¶ 15.) This breakdown in communication and fundamental disagreement over case strategy independently warrants withdrawal under ABA Model Rule 1.16(b)(4) and (b)(6). *See Washington*, 694 F.2d at 1087-88; *Parker*, 845 F.3d at 816.

More critically, keeping counsel on the docket will not advance discovery or the evidentiary hearing because counsel is legally and ethically barred from responding to the pending discovery without client participation.

For example, for the pending written discovery, interrogatories directed to business entities must be answered and verified under oath by an officer or agent of the party. *See* Fed. R. Civ. P. 33(b)(1)(B) and (b)(5). Counsel must certify that discovery responses are complete and accurate after a reasonable inquiry. *See* Fed. R. Civ. P. 26(g). Here, Counsel has no personal knowledge of or access to Defendants' internal seller dashboards, WeChat communications, or supplier invoices across 100 storefronts, and cannot fabricate or certify responses without violating Fed. R. Civ. P. 26(g), ABA Model Rule 3.4(d), and Local Rule 83.50. (*See* Yuan Decl. ¶ 15.)

Further, without cooperation of Mr. Lu or any other designated corporate officers of Defendants, counsel cannot designate corporate witnesses, prepare testimony across 26 combined Rule 30(b)(6) topics, or coordinate international/remote deposition logistics outside mainland China in accordance with Fed. R. Civ. P. 30(b)(6). (*Id.*)

Because continued representation places counsel in an untenable ethical position where compliance with discovery rules is impossible, withdrawal is warranted under ABA Model Rule 1.16(a)(1) and (b)(6).

**C. Counsel Has Complied with Local Rule 83.17 and Protected Defendants' Interests.**

Consistent with Local Rule 83.17 and ABA Model Rule 1.16(d), counsel provided formal written notice to Mr. Lu on November 8, 2026, advised him of all upcoming December 2026 deadlines, and transferred the entire case file – including all pending discovery requests and deposition notices – to the client. (Yuan Decl. ¶ 17.)

Counsel also expressly advised Mr. Lu that because Defendants are business entities, they cannot proceed *pro se* in federal court and may appear only through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008). (Yuan Decl. ¶ 18.)

To prevent undue prejudice and allow an orderly transition, counsel respectfully requests that the Court afford Defendants twenty-one (21) days to retain substitute counsel and have such counsel file an appearance.

**D. Preservation of Attorney-Client Privilege.**

Pursuant to ABA Model Rule 1.6 and Local Rule 83.50, counsel has refrained from attaching privileged communications with Defendants to this Motion or the accompanying Declaration. Should the Court require further factual substantiation, counsel is prepared to submit those communications for in camera review. (Yuan Decl. ¶ 19.)

Pursuant to the Court's motion procedures, undersigned counsel conferred with counsel for Plaintiff and counsel for non-party Amazon on November 23, 2026, regarding this Motion. Plaintiff's counsel advised that Plaintiff does not oppose the Motion, and Amazon's counsel

advised that Amazon does not consent to the Motion.

## IV. CONCLUSION

**WHEREFORE**, Attorney Bole Yuan respectfully requests that this Court enter an Order: (1) granting leave to withdraw immediately as counsel of record for Defendants; (2) terminating counsel's receipt of CM/ECF notifications in this matter; (3) affording Defendants twenty-one (21) days to retain substitute counsel to file an appearance; and (4) granting such other and further relief as the Court deems just and proper.

Date: November 24, 2026

Respectfully submitted

By: /s/ *Bole Yuan*

Bole Yuan

**LAW OFFICE OF BOLE YUAN, ESQ.**
204 S 3rd St
Philadelphia, PA 19106
stevenyuan@lawvictor-ip.com
Tel: 215-901-8324
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, Bole Yuan, hereby certify that on November 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participating counsel of record.

I further certify that on November 24, 2026, I served true and correct copies of the foregoing Motion and Declaration via electronic mail upon Defendants' authorized representative and joint operating director, Guofu Lu, at his last known email address: on1724@163.com.

**NOTICE TO DEFENDANTS**: Pursuant to N.D. Ill. Local Rule 83.17, Defendants are hereby notified that:

1. Attorney Bole Yuan has moved to withdraw as counsel of record for Defendants in Case No. 1:26-cv-05593;
2. Corporations, partnerships, and unincorporated business entities CANNOT appear *pro se* in federal court and may appear only through a licensed attorney admitted to practice before this Court (*Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008)); and
3. Defendants must promptly retain substitute counsel to file an appearance on their behalf, and failure to do so may result in entry of default, default judgment, discovery sanctions, or an order granting Amazon.com, Inc.'s Motion to Stay.

By: *<u>/s/ Bole Yuan</u>*
Bole Yuan